IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL SEGARS,<br>An individual; | )<br>)<br>) | |
| Plaintiff | )<br>) | |
| v. | )<br>) | Case No.: 1:17-cv-420-WKW |
| CAROLYN ENSOR, an<br>Individual, and STATE FARM<br>MUTUAL AUTOMOBILE<br>INSURANCE COMPANY,<br>A foreign corporation; | )<br>)<br>)<br>)<br>)<br>) | DEMAND FOR JURY TRIAL |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Michael Segars, and alleges as follows:

### PARTIES

1. Plaintiff, Michael Segars, is an adult resident of the State of Georgia.

2. Defendant Carolyn Ensor is an adult resident of the State of Alabama.

3. Defendant, State Farm Mutual Automobile Insurance Company ("Allstate"), is a foreign corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois.

### JURISDICTION AND VENUE

4. Jurisdiction is founded under the provisions of 28 U.S.C. 1332(a) et seq., which grants this Court jurisdiction in civil actions on the basis of diversity of

citizenship, where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. There is complete diversity between the parties as the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Venue is proper pursuant to 28 U.S.C. 1391 (a), as a substantial part of the events, acts or omissions giving rise to the asserted claims took place in this District.

## FACTS

7. On or about July 6, 2015, Plaintiff, Michael Segars, was a passenger in a 1997 Chevrolet 1500 pickup truck, driven by Alex Turner, traveling northbound on U.S. 231 in Houston County, Alabama.

8. As Michael Segars and Alex Turner traveled north on U.S. 231, the 1997 Chevrolet pickup truck they occupied was struck by the vehicle driven by the defendant, Carolyn Ensor, who was traveling east on Decatur Road at the intersection with U.S. 231. The Chevrolet truck spun, overturned and came to rest on its side in the median of U.S. 231.

9. Carolyn Ensor, who ran the stop sign, was cited by police for failing to yield the right of way.

## COUNT ONE – <u>NEGLIGENCE</u>

10. Plaintiff avers and incorporates by reference the paragraphs 1-9 as set forth above in the Complaint.

11. As a direct and proximate result of the negligent conduct of the Defendant, Carolyn Ensor, the Plaintiff, Michael Segars, was caused to suffer significant injuries, including but not limited to, past and future medical expenses, past and future physical pain and suffering, present and future mental anguish, permanent injuries, loss of enjoyment of life and requests an award of compensatory damages in an amount to be determined by a jury, along with costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT TWO – <u>WANTONNESS</u>

12. Plaintiff avers and incorporates by reference the paragraphs 1-11 as set forth above in the Complaint.

13. As a direct and proximate result of the wanton conduct of the Defendant, Carolyn Ensor, the Plaintiff, Michael Segars, was caused to suffer significant injuries, including but not limited to, past and future medical expenses, past and future physical pain and suffering, present and future mental anguish, permanent injuries, loss of enjoyment of life and requests an award of compensatory damages and punitive damages in an amount to be determined by a jury, along with costs, expenses and fees, and such other equitable relief as may be allowed by law.

## COUNT THREE – <u>UNINSURED / UNDERINSURED MOTORIST CLAIM</u>

14. Plaintiff realleges and incorporates by reference all of the allegations contained in the preceding paragraphs.

15. On or about July 6, 2015, Michael Segars was a passenger in a motor vehicle accident when he was injured in an accident due to the negligence and wanton conduct of an underinsured motorist. The vehicle he was riding in was insured under a policy of insurance with State Farm Insurance Company (Policy Number 8184352F1511) and this action is brought against State Farm seeking the underinsured motorist coverage benefits due to the fact the motorist responsible for the accident does not have sufficient liability insurance coverage to pay the damages for which she is legally responsible. As a result, State Farm owes the Plaintiff for those damages to which Michael Segars is legally entitled to recover but for which there is insufficient liability insurance coverage.

16. On or about July 6, 2015 there was in full force and effect one or more policies of insurance for uninsured / underinsured motorist coverage between State Farm and Judy Segars for which Michael Segars seeks benefits due to damages to which he is entitled but the liability coverage is insufficient to cover said damages.

17. Plaintiff alleges that Michael Segars' injuries and damages were proximately caused by the negligence and/or wanton conduct of the at-fault motorist, an uninsured / underinsured driver, Carolyn Ensor.

18. Plaintiff alleges and avers that State Farm is liable to Plaintiff for all uninsured / underinsured motorist benefits.

WHEFORE, PREMISES CONSIDERED, Plaintiff, Michael Segar, demands judgment against the Defendants, Carolyn Sue Baker Ensor and State Farm Insurance Company, for compensatory and punitive damages, in such an amount as a jury shall award plus costs.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES**

_____
Jack J. Hall, Jr.
Attorney for Plaintiff, Michael Segars

**OF COUNSEL:**
**WHITAKER MUDD LUKE & WELLS, LLC**
2011 Fourth Avenue North
Birmingham, Alabama 35203
T: (205) 639-5300
E: jhalljr@wmslawfirm.com

**PLEASE SERVE THE DEFENDANTS BY U.S. CERTIFIED MAIL AS FOLLOWS:**

STATE FARM MUTUAL INSURANCE COMPANY
One State Farm Plaza D-2
Bloomington, Illinois 61710-0001

Carolyn Sue Baker Ensor
241 December Road
Slocumb, Alabama 36375